CASE 86—ACTION BY DAVID WARD V. TRIPLE STATE NATURAL GAS
AND OIL COMPANY TO RECOVER COMPENSATION FOR LAYING GAS
PIPE UNDER HIS LAND.—JUNE 2.

# Ward v. Triple State Natural Gas and Oil Co.

APPEAL FROM MARTIN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.  REVERSED.

PUBLIC ROADS—GRANT TO COUNTY—EASEMENT—ADDITIONAL SERVI-
TUDE—GAS PIPE—COMPENSATION—DAMAGES.

Held:  1. Under a contract with a county, reciting that landowners
bargain and sell to the county "a public road over their lands,"
the county takes an easement merely; and a natural gas com-
pany constructing a conduit under the roadway, under a grant
from the county, thereby imposes an additional servitude upon
the dominant estate, for which it must compensate the land-
owners.
2. A landowner who has granted land in fee to a county for a
highway can not complain that the county has granted to a
natural gas company the right to construct a conduit under-
neath the road.
3. Where a natural gas company, under a grant from a county, con-
structs a conduit underneath the land of a private owner bur-
dened with an easement of a public highway, the landowner
is entitled to recover the value of the estate taken, not as
damages but as compensation, and is also entitled to what-
ever damage results to his adjacent premises, whether the lay-
ing of the conduit was negligently performed or not.

W. R. McCOY, ATTORNEY FOR APPELLANT.

This action was brought to recover damages against appel-
lee for the wrongful entry upon and digging a ditch and lay-
ing its pipe-line across appellant's land, without appellant's
consent.

Our contention is:

1. That there was no sufficient denial in the answer of ap-
pellee's title to the land.

2. That the possession of the appellant coupled with his deed,
gave him a right to maintain an action for trespass against the
appellee.

3. The fact that appellee had donated a public road over his land did not divest him of the title thereto, only to the surface of the roadway for the benefit of the travelling public. His ownership being subservient to the public right of way only.

4. The fact that the pipe-line may be of benefit to the public, did not give the appellee nor the public a right to take appellee's land for the construction and maintenance of the pipe line.

5. The constructing and maintenance of the pipe line was an additional servitude to appellant's land for which he is entitled to compensation.

## AUTHORITIES CITED.

Hackney v. L. & N. R. R. Co., 1 Rep., 357; Miller v. Humphrey, 9 R., 446; C. & O. R. R. Co. v. Hickman, 15 R., 112; Hall v. Deton, 24 R., 314; Crate, &c., v. Strong, 24 R., 711; West Covington v. Frecking, 8 Bush, 123; Johnson v. Park, 13 R., 437; Kincaid v. Indianapolis Nat. Gas Co., 124 Ind., 557; Terrell v. Horram, 4 J. J. M., 527; Marshall v. McDaniel, 13 Bush, 381; L., St. L. & T. Ry. Co. v. Liebfried, 13 R., 645; Phillips v. Dunkirk, &c., 78 Pa., 180; Holloway v. L. St. L. & T. R. R. Co., 13 R., 481; U. S. v. Lee, 106 U. S., 196.

KIRK & KIRK, FOR APPELLANT.

The plaintiff alleges in his petition as amended, that by reason of the laying of the pipe line and breaking the soil of his land, thereby causing the soil to wash away, he was compelled to make a contract with Martin county agreeing to give it a roadway through his land, thereby casting a cloud on his title greatly depreciating its vendible value. We contend that the damages were too remote to be recovered against the gas company, and the court properly gave a peremptory instruction to the jury to find for appellee.

1. Because the appellant failed to show that the laying of the pipe line caused the bank to wash or caused any injury to the road which would not have occurred had the pipe line not been laid.

2. Because immediately after the public road was washed away, Martin county bought a strip fifteen feet wide from the appellant and others for $150, in which said pipe line was laid.

3. Because the washing away was caused by extraordinary high water and freshets, which were unavoidable and could not be anticipated, and for which no one can be held to be responsible.

Ward v. Triple State Natural Gas and Oil Company.

4. Because the appellant failed to show that he owned the title to the land either by the record or sufficient possession.

5. Because if the plaintiff had title to the strip in which the pipe line was laid he failed to show any damage done to his abutting land.

6. Because he was not in the possession of the roadway and no action can be maintained except by the party in possession.

### AUTHORITIES CITED.

Henderson v. Perkins, 94 Ky., 207; Campbell v. Thomas, 9 B. M., 84; Simpson v. Hawkins, 1 Dana, 326; L. & N. R. R. Co. v. Finley, 86 Ky., 301; Cosby v. O. & R. R. R. Co., 10 Bush, 294; L. & F. R. R. Co. v. Brown, 17 B. M., 618; Chattaroi R. R. Co. ads. Laurence Co., 81 Ky., 225; Maysville & B. S. R. R. Co. v. Greenup Co., 88 Ky., 662.

HAGER & STEWART, FOR APPELLEE.

### POINTS AND AUTHORITIES.

1. It is not shown that appellant was owner of the land abutting the highway. Henderson, &c. v. Perkins, 94 Ky.

2. For injury to the highway, right of action is in Martin county, it being the real party in interest holding and controlling the highway for the benefit of the public. Lawrence County v. Chattaroi Railway Co., 81 Ky., 225; Cosby v. O. & R. R. Co., 10 Bush, 288.

3. Martin county owned the dominant estate and might do with its own property as if it were a private owner in a like situation. Having sold and authorized the use of the property by appellee, there is no right of action in appellant, the right being in the person who owned the property at the time the line was constructed. 3 Kent, 432-433; Elliott on Roads and Streets, 304; Stickley v. Chesapeake & O. R. R. Co., 93 Ky., 323.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant was the owner of certain lands over which he had granted an easement to the public to maintain a highway. This grant was in the nature of a contract, made in 1887 with the fiscal court of Martin county. Its material part, so far as the question here is involved, is as follows: "Whereas the public road or a portion of same running over the land of first parties has washed away, and all par-

ties being desirous of procuring a road for the public, and in order to get a road for immediate use for the public, the first parties this day bargained and sold to Martin county a public road over their lands," etc. Thereafter the fiscal court of Martin county granted to appellee the right to lay a main as a conduit for its natural gas under the roadway above mentioned. Appellant brought this action to recover compensation from appellee for the taking of his land, as well as for damages done to his adjacent property, be, cause the construction of appellant's pipe line caused his land to wash away by overflows of an adjacent stream. Appellee defended under a claim of right under the license granted to it by the fiscal court of Martin county, asserting that Martin county was the owner of the strip of land over which the road passed, and which it had used.

The language of the above-named contract, in our opinion, granted to the fiscal court of Martin county merely an easement or roadway over appellant's land, he retaining the title to the fee. This being true, it was not competent for the fiscal court of Martin county, as owner of the servient estate, by any conveyance or license it may have granted appellee, to affect appellant's right or title in, or impose an additional servitude upon, the dominant estate. That the laying of the gas main under the surface of the highway in a rural district is an additional servitude, there can be no doubt. Kincaid v. Indianapolis Natural Gas Co., 124 Ind., 577, 24 N. E., 1066, 8 L. R. A., 602, 19 Am. St. Rep., 113. The action of the fiscal court was competent only to grant such right as the county had in the premises transferred, but neither the county nor other power could appropriate or authorize the taking of the citizen's private property, even for a public use, without compensation first being made to the owner.

In 1899, about a year after the acts complained of above, the action of the stream had cut away the land over which the road was located, and the fiscal court of Martin county made another contract with appellant, by which it acquired the fee to another strip of land for the purpose of constructing the road over it. Appellee, under the license from the fiscal court, moved its pipe line to the new roadway. Without quoting the language of the last-named conveyance, it is sufficient to say that in our opinion it unequivocally conveys the fee to the fiscal court. Obviously, appellant has no legal ground of complaint at the county's allowing the gas company to lay its main under its road, to which the county owned the fee, provided the work had not been done in a negligent manner, to the special damage of appellant. There was nothing shown in this case justifying a recovery for the second construction of the pipe line made after the washout in 1899.

The manner of eliciting the facts by the interrogation of the witnesses upon the trial was not such as to bring out clearly the elements of appellant's damages. The facts shown, however, entitled him to have recovered something for the taking of his land in laying the line in 1898 and January, 1899, and possibly for damages besides to his other land. It was therefore error for the court to have granted appellee a peremptory instruction at the close of appellant's testimony. Appellant's cause of action set out in his pleadings, and shown by his proof, was to recover first from appellee the value of his estate taken and used by it in the construction of its pipe line under the roadway over his property, and made in December of 1898 and January of 1899. This he was entitled to, not as a matter of damages, but as compensation. It is not material whether it damaged his other property or any of his property,

for, as the property taken was appellant's, appellee is liable to him for its value. In addition, appellee was liable to appellant for whatever damage resulted to his adjacent premises, if any, caused by its unauthorized construction of its pipe line along the roadway; and this he is entitled to without reference to whether the laying of the pipe line was negligent or not. For if the appellee had not the right to build the pipe line at that place and time, yet did so, it must answer to the owner of the estate for such damages resulting to his property as were the natural and proximate result of the wrongful act.

The judgment is reversed, and cause remanded for a new trial under proceedings not inconsistent herewith.