## Cumberland Telephone and Telegraph Company, &c. v. Avritt, &c.

Appeal from Marion Circuit Court.

Chas. Patteson, Circuit Judge.

Judgment for plaintiffs.   Defendants appeal.   Reversed.

Land—Right of Way to Turnpike Company—Erecting Telephone Line Thereon—Compensation to Original Owner—Additional Servitude—Public Purpose—Where a right of way has been granted by a land owner for the building of a turnpike thereon, an agreement by the turnpike company to allow telephone poles and wires to be erected thereon, being for a public purpose, is not an additional servitude on the land, for which the original owner can maintain an injunction or recover compensation from the telephone company.

FAIRLEIGH, STRAUS & FAIRLEIGH, for appellants.

POINTS AND AUTHORITIES.

1. A telephone line on a rural public highway is not an additional servitude. (Kentucky Constitution, section 199, 163; Lexington & Ohio R. R. Co. v. Applegate, 8 Dana, 289; Louisville Bagging Mfg. Co. v. Central Passenger Railway Co., 95 Ky., 50; Georgetown & Lexington Traction Co. v. Mulholland, 25 Ky. Law Rep., 578; Eels v. American Telephone & Telegraph Co., 143 N. Y., 133, 25 L. R. A., 640; Carter v. Northwestern Telephone Exchange Co., 28 L. R. A., 310; Pierce v. Drew, 136 Mass., 75, 49 Am. Rep., 7; Boston v. Richardson, 13 Allen, 146; People v. Eaton, 100 Mich., 208; Julia Bldg. Association v. Bell Telephone Co., 88 Mo., 258, 57 Am. Rep., 398; Magee v. Overshiner, 150 Ind., 127, 40 L. R. A., 370; Herschfield v. Rocky Mountain Bell Telephone Co., 12 Mont., 103; Southern Bell Telephone Co. v. Frances, 109 Ala.; Kirby v. Citizens Telephone Co. (South Dakota), 97 N. W., 3; Irwin v. Great Southern Telephone Co., 37 Louisana, 63; East Tennessee Telephone Co. v. City of Russellville, 21 Ky. Law Rep., 306; Ward v. Triple-State Natural Gas & Oil Co., 25 Ky. Law Rep., 116; Kincaid v. Indianapolis Natural Gas Co., 124 Ind., 577.)

2. An abutting landowner can not resort to a mandatory injunction to require the removal of a telephone line from a public highway; and especially not after the line has been built for a period of eight years, and has been continuously used without objection by such landowner. (Holloway v. Louisville, etc., Ry. Co., 92 Ky., 245.)

SAMUEL AVRITT, for appellees.

Cumberland Telephone and Telegraph Co., &c. v. Avritt, &c.

POINTS AND AUTHORITIES.

1. The Lebanon & Bradfordsville Turnpike Company had only an easement over the land of appellees and the county of Marion as its successor has no more: (Cynthiana T. P. Co. v. Hutcheson, 22 Ky Law Rep., 1236; Kelly & Co. v. Donahoe & Co., 2 Met., 482-485; Lexington, Harrodsburg & Perryville Turnpike Road Co. v. McMurtry, 3 Ben Mon., 516; West Covington v. Freking 8 Bush, 126; Angell on Highways, 301.)

2. Erection of telephone poles and wires is an additional servitude: (Present Constitution of Kentucky, secs. 163-164; East, Tenn. Telephone Co. v. City of Russellville, 21 Ky. Rep., 305; Board of Trade Tel. Co. v. Painter, 47 Am. Rep., 453, 107 Ill., 507; Broome v. New York & New Jersey Telephone Co., 42 N. J. Eq., 141; Western Union Telegraph Co. v. Williams, 86, Va., 696; Stowers v. Postal Telepraph Cable Co., 24 Am. St., Rep., 290; Pacific Postal Telegraph Cable Co. v. Irvine, &c., 49 Fed. Rep., 113; Ward v. Triple-State Natural Gas & Oil Co., 25 Ky. Law Rep., 116; Kincaid v. Indianapolis Natural Gas Co., 124 Ind., 577; Georgetown & Lexington Traction Co. v. Mulholland, 25 Ky. Law Rep., 578; Louisville Bagging Manufacturing Co. v. Central Passenger Ry. Co., 95 Ky., 50; Joyce on Electric Law, secs. 296-300-301-302-303-304-305-321; Penn. R. Co. v. Montgomery Pass. Ry. Co., 167 Penn. St., 62; Elliott on Roads and Streets, 299; Postal Telepraph Cable Co v. Eaton, 170 Ill., 513, Lawyers' Report Ann., 722; American Telegraph & Telephone Co. v. Jones, 78 Ill. App., 372; Chesapeake & Potomac Telegraph Co. v. McKenzie, 74 Md., 36, 3 Am. Elec. Cases, 196; Williams v. Erie Telegraph & Telephone Co., 37 Minn., 347; Halsey v. Rapid Transit St. Ry. Co., 47 N. Y. Eq., 380, 3 Am. Elec. Cases, 296; People v. Metropolitan Telephone & Telegraph Co., 31 Hun, N. Y., 604,.11 Abb. N. C., 304, 64 How., 66; Eels v. American Telephone & Telegraph Co., 143 N. Y., 133, L. R. A., Book 25, p. 640.)

3. It is proper to resort to injunction to prevent continuing and repeated trespasses; (McCloskey v. Doherty, &c., 17 Ky. Law Rep., 178; Musselman v. Marquis, 1 Bush, 463; Peak v. Hayden, 3 Bush, 125; Murphy v. Lincoln, 63 Vt., 278; High on Corporation, 702; Holloway, &c., v. Louisville, &c., Railway Co., 92 Ky Rep., p. 247.)

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

The Lebanon & Bradfordsville Turnpike Company in the year 1855 built a turnpike road from Lebanon to Bradfordsville. For the distance of about half a mile the pike was constructed through the farm of John Avritt. From the time the road was built it

was used as a toll road until a few years before this suit was brought, when it was bought by Marion county, and became a free public highway. Before the sale to the county, however, in July, 1895, the Lebanon, Louisville & Lexington Telephone Company was given the right to build and maintain a telephone line, by the turnpike company, over the turnpike right of way from Lebanon to Bradfordsville. Under this grant the telephone company, in the summer of 1895, built a telephone line from Lebanon to Bradfordsville on the turnpike right of way, and after that operated the line furnishing telephone service between those points. The Cumberland Telephone & Telegraph Company succeeded to the rights of the Lebanon, Louisville & Lexington Telephone Company. In the year 1894, or the year before the telephone line was built, John Averitt died, and the farm descended to his widow and children. Two of his children finally purchased the interest of the others, and on April 27, 1903, filed this suit, alleging that the telephone company had entered upon their lands against their consent, and built and maintained a telephone line thereon against their wishes, and within a short time before the filing of the petition against their protest had entered upon their lands and stretched an additional wire, and, unless prevented by the court, would enter upon their lands, set additional poles, and string additional wires. They prayed that the defendants be enjoined from doing these things, and that they be compelled to remove the old line erected in the year 1895. The defendants pleaded the facts above stated, alleging that the telephone line was built on the right of way of the turnpike company, which had been granted it by John Avritt. They also pleaded that the plaintiffs were residing on the land, and knew that the telephone line was being built, but made no objection to the

building of the line in 1895, and that a considerable sum of money had been spent in building the line by the defendants on the idea that the plaintiffs acquiesced in their right to build the telephone line. On final hearing the circuit court entered a judgment in favor of the plaintiffs granting them an injunction as prayed in their petition, and the defendants appeal.

The only question we deem it necessary to consider on the appeal is whether a telephone line upon a public highway is an additional servitude, which gives the original owners of the land, or those claiming under him, a cause of action. In Lexington & Ohio Railroad Co. v. Applegate, 8 Dana, 289, 33 Am. Dec. 497, it was held by this court that a steam railroad on a public highway is not an additional servitude for which the original owner of the land may bring an action. In Louisville Bagging Manufacturing Company v. Central Passenger Railway Company, 95 Ky. 50, 15 Ky. Law Rep., 417, 23 S. W., 592, 44 Am. St. Rep. 203, it was decided that an electric street railway on the streets of a city is not an additional servitude; and in Georgetown & Lexington Traction Company v. Mulholland, 76 S. W. 148, 25 Ky. Law Rep. 578, the same rule was applied to electric railroads running on country highways. See, also, Ashland & Catlettsburg Street Railway Company v. Faulkner, 45 S. W. 235, 51 S. W. 806, 21 Ky. Law Rep., 151, 43 L. R. A'. 554. We are unable to distinguish a telephone line from a steam railway or an electric railway on the public highway. The telephone line is certainly a much less serious burden than either of these. It in no way interferes with the use of the property as a public highway. The use of the land by the telephone company is no less a public service than the use of it by a railroad company. The telephone takes the place of the private messenger. The transmission of messages

by telephone is a business of a public character, which is conducted under public control in the same manner as the carriage of persons or property. The easement of the public is not limited to the particular methods of use in vogue when the easement is acquired, but includes improved methods which the progress of society finds necessary for business. The public easement in a highway is not confined to the transportation of persons or things in vehicles. The streets of a city may be used for constructing sewers and laying gas or water mains and the like for the public use. There is no sound distinction between urban and rural highways as to the purposes for which they may be used. Public highways are designed as avenues of communication, and a telephone line along a country road is no more an additional servitude than a telephone line along a railroad right of way. No use of the highway can be made which practically subverts its use by the public in the ordinary way, nor may it be used for any purpose not public. The wires of a telephone company are no less immovable than the rails of the railroad, and they are no more a burden to the adjoining property than the rails. The great weight of authority is to the effect that a telephone line on a public highway is not an additional servitude in those States maintaining the Kentucky rule that a railway is not an additional servitude. Pierce v. Drew, 49 Am. Rep. 7; Julia Building Association v. Bell Telephone Company, 57 Am. Rep. 398; Magee v. Overshiner (Ind.) 49 N. E. 951, 40 L. R. A. 370, 65 Am. St. Rep. 358; Cater v. Northwestern Telephone Exchange Company (Minn.) 63 N. W. 111, 28 L. R. A. 310, 51 Am. St. Rep., 543; Hershfield v. Rocky Mountain Bell Telephone Company, 12 Mont. 103, 29 Pac. 883; Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 19 South. 1, 31 L.

R. A. 193, 55 Am. St. Rep., 930; Kirby v. Citizens'
Telephone Co. (S. D.) 97 N. W. 3; Irwin v. Great
Southern Telephone Company, 37 La. Ann., 63. The
case of Ward v. Triple State Natural Gas & Oil Co.,
74 S. W. 709, 25 Ky. Law Rep., 116, is not in conflict
with these views. The highway may be used for
public, but not for private, purposes. In that case, so
far as appears, the company rendered no public
service. The highway can not be used for a pipe line
by a corporation performing no public service and
operating the pipe line only for its private purposes.
Such use of the highway is not within the purposes of
the grant. We therefore conclude that the plaintiffs
failed to make out a cause of action, and that their
petition should have been dismissed.

Judgment reversed, and cause remanded for a
judgment as herein indicated.

Petition for rehearing by appellee overruled.