# Citizens Telephone Company, a Corporation v. C., N. O. & T. P. R. R. Co.

(Decided June 7, 1921)

## Appeal from Grant Circuit Court.

1. Railroads—Right of Way.—A railroad company is not entitled to have its right of way open to the sky unless it owns the fee.
2. Telegraphs and Telephones—Erection of Wires Across Right of Way of Railroad.—A telephone company may erect and maintain its wires over and across the right of way of a railroad if it does so with the consent of the owner of the fee and in a way not to interfere with the free and unobstructed use of the right of way by the railroad, and in a substantial way so as not to become a menace to the railroad and its employes.
3. Telegraphs and Telephones—Erection of Wires Across Right of Way of Railroad.—The owner of the fee may permit the erection and maintenance of telephone wires over a right of way, and a railroad company which does not own in fee the ground on which its road is built, can not prevent such a trespass by a telephone or telegraph company.

MYERS & HOWARD for appellant.

DeJARNETTE & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Some time before January, 1915, appellant, Citizens Telephone Company, incorporated, erected over and across the right of way of appellee, Cincinnati, New Orleans & Texas Pacific Railroad Company, in Grant county, a line of telephone wires without first obtaining from said railroad company or in any manner a right to do so. About two years later this action was brought by the railroad company against the telephone company and C. J. Daly to enjoin and restrain them from maintaining said wires across the railroad right of way and from erecting other lines.

The answer of the telephone company admits the erection and maintenance of the telephone wires over and across the right of way of the railroad company, but denies the right of the railroad company to require it to remove them. The telephone company further says that the wires were and are erected in a substantial and permanent manner at a height which does not and will not interfere with the operation of the trains of the railroad company and the free and unobstructed use of the right

of way.   The evidence taken on both sides relates only to the manner, nature, durability, strength and height above the rails of the telephone wires.   The chancellor found the defendant telephone company, previous to the filing of this action, set telephone poles on each side of plaintiff's right of way and strung two telephone wires over and across said right of way at or near the residence of defendant Daly; "that said defendant did not before stringing said wires on said right of way procure by contract plaintiff's consent so to do or undertake any condemnation proceedings to procure such right; that each of said lines of telephone so constructed is a private, not a commercial line and serves only the residences of Daly and Foree." A judgment was entered enjoining the telephone company from maintaining the said wires over and across the railroad right of way until the telephone company acquired in one of the ways allowed by law the right to do so, and the telephone company appeals.   Daly, who was made defendant, did not answer below nor is he a party to this appeal.

The sole question is, may a telephone company, without obtaining in one of the ways allowed by law a right to do so, erect and maintain over and across a railroad right of way, not at a highway crossing, a line of wires to be used by it in connecting one or more of its patrons with the telephone exchange? This question has never been passed upon by this court, nor do we find but few cases in point from other jurisdictions, and these are not entirely harmonious.

The telephone company in this case claims no right in or across the railroad right of way which is not common to all persons and companies.   If the appellant, Citizens Telephone Company, may without grant from the railroad company or condemnation, erect and maintain a line of wires over the railroad right of way surely any one may do so.   The franchise granted it by Grant county to "maintain and operate its telephone lines for the accommodation of the public, on and along all the roads and highways of said county" gave no right to erect and maintain its lines upon or over the railroad right of way or on any road or highway except such as were under the jurisdiction of the Grant fiscal court, which gave the franchise.

It is the contention of the telephone company that as the railroad company only has an easement in its right of way and does not own the fee thereto, it has no right

to have its right of way open to the sky but only to such height as to insure free and unobstructed passage for its trains and employes in the conduct of its business for which the right of way was granted in the first place. This is undoubtedly true as to the owner of the fee in the servient estate over which the right of way extends, but what right has a stranger, as against the first and dominant easement holder, to cross or use the right of way of a railroad company?

Our rule with respect to rights of way for a public highway is to hold that the owner of the servient estate has no right or power to interfere with or claim damages for the erection and maintenance of telephone lines along the highway where the grant is made by public authority.   This is on the theory that a grant for a public use and purpose is not violated by the employment of the right of way for telephone lines, which is also a public purpose.   We have held that this is not an additional servitude.   Street railroads, interurban lines and telegraph lines are embraced in this exception.   Cumberland Tel. & Tel. Co. v. Arnet, 27 R. 394; Georgetown & Lexington Traction Co. v. Mulholland, 25 R. 578; Magee v. Overshiner, 40 L. R. A. 370; Cater v. North Western Tel. Ex. 28 L. R. A. 310.

This rule rests upon the theory that the grant for a public purposes includes every public use and purpose to and for which the grant may reasonably be employed, and that telephone, telegraph and interurban lines are and were such public facilities as were actually contemplated by the grant of the right of way and therefore do not constitute an additional servitude for which the owner of the servient estate may demand and have compensation.   The grant in such a case is to the public and the public makes use of it.   But the telephone company, a private corporation, claims no grant whatever in this case to erect and maintain its lines at any place except over and above the public highways of Grant county. Its trunk line is along the Covington and Lexington pike, a highway of Grant county, which parallels but is located some distance from the right of way of appellee railroad company. To reach the home of Daly, one of its patrons, with a wire, it set two poles, one on either side of the right of way, 170 feet apart, and stretched the wires over the right of way between the two poles.   The evidence shows that after the commencement of this litigation the telephone com-

pany reconstructed and brought up to standard its line over the railroad by putting in taller, larger and more substantial posts and stringing copper instead of steel wire thereon. Since its reconstruction it is admitted by the railroad company that the line complies with its specifications for such work.

The petition does not aver that the railroad company owns the fee to the right of way, and in the absence of such averment we must presume that it had merely an easement which allows the operation of the railroad in its regular business and reverts to the owner of the fee when that use ceases. If it owns the fee it has the exclusive right of occupancy of the right of way indefinitely upward and can enjoin the stringing of wires or the erection of any structure whatsoever over the same. But if the railroad company owns merely the easement or right of use of the land on which its road is constructed, it cannot complain that another, even a stranger, as is the telephone company in this case, has entered over the easement at an elevation so high as to give no obstruction to the full enjoyment of the easement for the purposes for which it was granted, and there maintains a wire or wires in connection with its telephone business.

To what height an easement extends where there is no dimensions fixed depends upon the facts of each case. For a railroad the height must be sufficient for the safe and convenient passage of all trains and their burden of whatsoever nature. This is usually fixed at about 25 or 30 feet above the top of the steel rails of the track. So long as the structure above the track does not interfere with the full enjoyment of the right of way and is of such permanent and substantial nature as not to be a menace to those who have to pass under it, the owner of the easement has no right to require its removal, nor can such owner maintain an action for such purpose, for its domain has not been invaded nor has it suffered a wrong, although the fee owner may maintain such action.

The ownership of an easement extends only to such height as reasonably to permit the full and free enjoyment thereof for the purpose for which it was granted or acquired, and no further. The easement holder would be as much a trespasser if he ascended and occupied the realm above the right of way for some purpose not contemplated by the grant as would be a stranger. One who has a lease or easement to enjoy the first floor of a building cannot prevent a stranger from occupying the second

floor if in so doing the stranger does not invade the realm of the holder of the first floor. In other words, a right of way is a limited estate in land, limited as to estate as well as to dimension, width, height, depth and length, and the grantee must keep within such limitations or he at once becomes a trespasser. Whatever may happen to the estate outside these limitations is of no concern to the holder of the right of way unless it directly or indirectly affects such right of way. But he can protect from wrongful invasion the whole of the right of way. Beyond this he has no legal concern.

In the case of Stephenson v. Stewart, 7 Phila. 293, where a foot passway was involved, it was held that a grantee of an easement had no right to have the right open to the sky or any other height except so far as necessary and convenient for the footway reserved, sufficient in height and breadth for the purpose expressed in the grant. Baker v. Willard, 171 Mass. 220.

The owner of the soil may make any use of the land which does not interfere with a reasonable use of the right of way granted for the purposes intended, even to erecting bridges, roofs and other structures over the same. Flinty v. Fleming, 52 S. E. 857.

In Cook on Telegraph Law (1920), page 64, the text is:

"A railroad company owning only a right of way and not the fee cannot object to telegraph or telephone wires crossing such right of way, even though not on the highway, in as much as 'the railroad company is not entitled to have its way kept open to the sky.'"

A case almost exactly like the one under consideration was decided by the supreme court of Tennessee in 1916, styled Illinois Central R. R. Co. v. Centerville Telephone Co., reported in 186 S. W. 90. In that case the telephone company had erected its wires over the railroad's right of way without leave or license, as in this case, and the railroad sought to have them removed, but the court said:

"Having only an easement the railroad company is not entitled to have its way kept open to the sky, and the grant to it is not interfered with by constructing overhead telephone wires so long as the reasonable and safe use of the easement is not impaired. 9 R. C. L., p. 799.

"In notes under Flaherty v. Fleming (W. Va.) 3 L. R. A. (N. S.) 461, and Bitello v. Lipson (Conn.), 16 L. R. A. (N. S.) 193, numerous cases containing the foregoing statements are collected. In these cases it is

shown that the owner of the fee may build a bridge for his convenience over the easement or passageway, and the owner of the easement has no ground for complaint, provided the use of his easement is not seriously obstructed.

There is no question of light and air in this case, neither is it alleged that the wires of defendant telephone companies interfere with the telegraph or telephone lines of the railroad company maintained along the right of way. The only interference with the railroad company's use of its easement suggested is the possibility that wires crossing the track may fall and injure a passenger or employe on a train beneath.

Both upon reason and authority we are of opinion that appellee railroad company had no such property in the right of way as would enable it to maintain this action to enjoin the telephone company from maintaining at a reasonable height a properly constructed and managed line or lines of telephone wires.

It follows that the judgment of the lower court must be reversed for proceedings consistent with this opinion.

Judgment reversed.