## Powell v. Commonwealth.

(Decided January 22, 1929.)

VICTOR A. JORDAN for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Counsel for appellant urges seriously but one ground for a reversal of the judgment of conviction in this case in the court below which fixed his punishment at one year and one day in the penitentiary on the charge of mali-

464

ciously shooting at another with intent to kill, but without wounding. The ground relied on is that the verdict of the jury is not supported by the evidence.

Homer Powell, the appellant, married the daughter of Lewis Campbell, the chief prosecuting witness. The marriage took place some months before the alleged commission of the offense for which appellant was tried. Ill feelings resulted between appellant and the father of his wife, but these feelings were assuaged, at least to some extent, and appellant and his wife had lived with Campbell for more than a month a short while before the offense was committed for which appellant was tried. There was enmity between Lewis Campbell and Bill Powell, the father of appellant. At the time of the alleged commission of the offense, the appellant and his wife were living with Bill Powell near a public road. Appellant had been in jail for 30 days, returning home the night before the alleged shooting took place. While he was in jail, Lewis Campbell had attempted to get the wife of appellant to institute suit against him and attach his property. Appellant knew this before he was released from jail.

In the morning about 10 o'clock Lewis Campbell passed along the public road running near the house and barn of Bill Powell. He was on his way to see a neighbor. As he passed the house of Powell, he saw a horse hitched to the fence by the roadway in front of the house, and he also saw women and children about the place. He remained at the house of his neighbor about 30 minutes, when he started on his way to his home, following the road that passed by the house and barn of Bill Powell, where appellant was at the time living. As he was passing, a shot was fired, the bullet passing close enough to him that he felt the wind. Immediately another shot was fired which struck the mule which he was riding about six inches from his leg. He proceeded on his way for a few yards, when he discovered that his mule was growing weaker, and upon examination, he found that it had been fatally shot. The ball which struck the mule apparently had been fired from a .45 caliber pistol. Campbell did not see from whence the shots came, but he thought they came from the barn, or probably from a growth of underbrush near the barn.

The commonwealth introduced several witnesses showing a previous difficulty between Campbell and ap-

pellant caused by the marriage of appellant, and these witnesses testified to certain threats that were made by appellant at the time. We regard this evidence as of little value as Campbell testified that he and appellant had made friends thereafter, and this was admitted by appellant. The commonwealth introduced one witness, a girl of the neighborhood, at the time working for one of the neighbors nearby. She saw Campbell pass along the road on his way to the home of his neighbor, and she saw him as he returned. About ten minutes before he returned she went to a spring after a bucket of water, which spring was about 100 yards from the barn of Bill Powell. She saw appellant come from the house of his father and climb into the loft of the barn and seat himself at an opening where he had a view of the public road. She saw his wife also go to the barn and reach something up to appellant, but she did not know what the object was which the wife handed to her husband. Before she reached the house where she was staying with her bucket of water she heard shots fired, which appeared to her to come from the barn, although she did not see the shooting.

Appellant testified that he was in bed when he heard the shots fired, as he had been up, according to his statement, very late the night before, probably not retiring until as late as 8:30 to 9:30 at night. He gave as another reason for sleeping late that he had been in jail for 30 days and the sleeping quarters in the jail were not pleasant, and he felt like getting all the enjoyment he could out of the use of a good bed after his 30 days in jail. He did not do the shooting, and did not know who was responsible for it, and he had no pistol, except a much smaller one than a .45, and had no ill feeling toward Mr. Campbell. His mother testified that she was at home, and heard the shooting, and that the appellant was in bed at the time, but she did not know who did the shooting, but was certain that her son did not. Mrs. Campbell, the wife of Lewis Campbell, who had left him because of domestic trouble over Bill Powell, was at the Powell home, according to the testimony of appellant, at the time of the shooting. All admitted that no one else was about the premises at the time of the shooting. Bill Powell, who might have been under suspicion if he had been at home, must be left out of consideration, because the uncontradicted testimony shows that he was in jail when the shooting took place. Mrs. Campbell, who had

some reasons to shoot at her husband, might have been under suspicion, but the commonwealth introduced proof conclusively showing that Mrs. Campbell did not go to the Powell home until some time after the shooting was over. The commonwealth also introduced a number of witnesses who testified that the mother of appellant left home some time before the shooting, and was not there at the time it took place. It was also shown by a number of witnesses that appellant had in his possession a .45 caliber pistol on the day before the shooting, and on other cocasions.

It is not disputed that some one shot at Lewis Campbell from in the barn or near the barn on Powell's place, and the evidence is conclusive that no one else was on the place to the knowledge of any witness except appellant and his wife. The circumstances are rather convincing that appellant did the shooting. Under the authority of Kirk v. Commonwealth, 192 Ky. 400, 233 S. W. 1060, circumstantial evidence such as this is sufficient to uphold a conviction.

Judgment affirmed.