Clyde C. POOLE et al., Appellants,

v.

John A. YOUNG et al., Appellees.

*Court of Appeals of Kentucky.*

Oct. 30, 1970.

Richard A. Prewitt, Frankfort, for appellants.

William A. Young, Young & Williams, William E. Johnson, Johnson & Burton, Frankfort, for appellees.

VANCE, Commissioner.

This is an appeal by the plaintiffs and the third-party plaintiffs below from a judgment dismissing the complaint and the third-party complaint for damages resulting from an alleged breach of covenant of general warranty of title. The case was tried before the court without the intervention of a jury and at the conclusion of the evidence introduced by plaintiffs, the court sustained a motion to dismiss the complaint.

The appellants, Clyde C. Poole and wife Betty Jean Poole purchased a tract of land

from John A. Young and his wife Edith C. Young. The Youngs were the defendants and third-party plaintiffs in the trial court. The consideration for the deed was $21,500 and the conveyance contained a standard covenant of general warranty.

Some time after the delivery of the deed, it was discovered that an adjoining property owner had been granted an easement to maintain a septic tank drain field upon the subject property by a former owner of the property. Upon discovery of the easement, the Pooles instituted this action against the Youngs and they in turn filed a third-party complaint against their immediate predecessors in title, William T. Fuller and Ollie V. Fuller.

Prior to the trial of the action, the Fullers offered to purchase the property from appellants for $21,500 and thus offered to restore to them the entire purchase price. The appellants declined to sell and maintained that the property was worth at least $23,000. The trial judge concluded that in spite of the easement, the appellants had suffered no damage and dismissed the action.

The appellees argue that appellants, at most, were entitled only to nominal damages and that a judgment will not be reversed simply to enable a party to recover nominal damages. Hayes v. Hayes, Ky., 357 S.W.2d 863 (1962). All parties agree that the measure of damages for breach of covenant of general warranty is the difference, if any, in the value of the land with and without the encumbrance at the time of sale.

■ A competent real estate appraiser testified that at the time of sale, the land was worth $4,000 less because of the encumbrance than it would have been worth if unencumbered. On cross-examination his estimate of damage was reduced somewhat but the credibility of his testimony was not destroyed and therefore constitutes a basis for more than nominal damages.

■ The only support for the position that appellants have sustained no damage is the fact that at the time of trial appellants valued their land in an amount which exceeded the purchase price. Since the purchase, city water and gas lines have been extended to the property and may have increased the value thereof. The fact that appellants valued their land at a sum in excess of the purchase price at the time of trial does not compel a conclusion that at the time of the sale the land was worth as much encumbered as it would have been worth if unencumbered.

The appellants have granted easements across their property for the construction of water and gas lines and the appellees contend that the granting of these easements subjects the property to the same limitation of use as the septic tank drain field easement. They therefore argue that the septic tank drain field easement imposes no greater burden on the property than the easements which were subsequently granted by the appellants, citing Georgetown & Lexington Traction Co. v. Mulholland, Ky., 76 S.W. 148 (1903); Cumberland Telephone & Telegraph Co. v. Avritt, 120 Ky. 34, 85 S.W. 204 (1905) and Kentucky & West Virginia Power Co. v. Crawford, 229 Ky. 254, 16 S.W.2d 1041 (1929).

Each of those cases involves a claim for damages for the granting of a subsequent easement for a public purpose upon land which was already encumbered by a prior easement and where the subsequent easement did not constitute an additional burden upon the property. The cases are therefore distinguishable from the present case and are not authority for the argument advanced by appellees.

■ The appellees contend that the proof submitted by appellants did not establish that any specific tank drain field was actually maintained upon appellants' property. A portion of the proof directed at this point was in the nature of hearsay evidence but there was evidence of tests performed wherein green dye flushed

through the plumbing in the neighboring house later surfaced in the alleged drain field on appellants' property. This fact accompanied by the easement which granted the right to maintain a drain field on appellants' property makes a prima facie showing of the existence of the drain field.

It is next contended that appellants should be denied recovery because they had actual notice of facts sufficient to alert them to the existence of the drain field before they purchased the land and further that the attorney who examined the title for them had actual knowledge of the easement which was imputed to the appellants.

The Pooles denied any actual knowledge of the easement before the purchase of the property by them. The case was halted before the Youngs offered any testimony, but in an affidavit submitted in connection with a motion for summary judgment, they denied any actual knowledge of the easement before purchase.

We find nothing in the record which conclusively established that either the Youngs or the Pooles had actual knowledge of the easement at the time of their purchase of the property.

The attorney who was alleged to have made a title examination did not testify and the evidence did not clearly establish the full nature and extent of the services performed by him or his knowledge of the encumbrance.

The record does not show any basis for the judgment of the trial court except that the trial judge was of the opinion that the appellants' own proof did not entitle them to any damages. We hold this to be erroneous and we cannot say that the evidence conclusively established any other justification for the dismissal of the complaint and the third-party complaint.

The judgment dismissing the complaint and dismissing the third-party complaint is reversed and remanded for procedure consistent with this opinion.

All concur.