[No. 16338. Department One. October 8, 1921.]

EDWARD I. SMITH, *Respondent*, v. LOUIS H. ANDERSON *et al.*, *Appellants*.[1]

BOUNDARIES (10-1) — PARTIES (42)—ESTABLISHMENT OF BOUNDARY—BRINGING IN NEW PARTIES—INTEREST IN CONTROVERSY. In an action to determine the boundary line between two owners of quarter sections of land under the government survey, adjoining landowners who may or may not be affected by a relocation of the section corners are neither necessary nor proper parties.

Appeal from a judgment of the superior court for Stevens county, Oswald, J., entered July 10, 1920, in favor of the plaintiff, in an action to establish a boundary line, tried to the court. Affirmed.

*Zent & Jesseph*, for appellants.

*Ferris & Ferris* and *John M. Cannon*, for respondent.

[1]Reported in 201 Pac. 1.

Fullerton, J.—The respondent, Smith, owns the northwest quarter of section 30, in township 30, north, of range 39, east of the Willamette Meridian, and the appellants Anderson and Leetsch own the northeast quarter of the same section. In January, 1916, the respondent began the present action against the appellants, under §§ 947-949 of Rem. Code (P. C. §§ 7412-7414), alleging that the boundary line between their several tracts of land had become obscure and uncertain, and that they, as adjoining proprietors, could not establish the same by agreement, and prayed that the court appoint a commissioner to survey, establish and properly mark the boundary line. The appellants answered, admitting the allegations of the complaint, and joining in the prayer for the appointment of a commissioner. Pursuant thereto, the court appointed a commissioner to survey and mark the line, who in due time made the survey and returned into court a plat and the field notes thereof. The appellants excepted to the report, and a hearing was had thereon, during the course of which it developed that no actual survey of the township had ever been made by the surveyors of the government; that, while the exterior boundaries of the township had been run and properly marked on the ground, the interior surveys had not been so run and marked, although the surveyor appointed for that purpose had so reported, returning to the government with his report field notes purporting showing a proper survey. This fact became known to the commissioner appointed by the court during the course of his work, and to establish the disputed boundary line he found it necessary to determine the proper location of the southwest and the northeast corners of section thirty. In the course of the hearing it developed, also, that the lands in the sections adjoining section thirty had passed into private ownership, and the appellants, conceiving that

these adjoining proprietors had an interest in the matter in litigation between the parties, moved the court to require them to be brought into the case and made parties thereto before proceeding further therewith. This motion the court denied, and, after further hearing, rendered and entered a decree confirming the line established by the commissioner as the true dividing line between the premises of the parties.

On the appeal the sole error assigned is the refusal of the court to require the owners of the surrounding tracts of land to be made parties to the action. But it would seem that the question requires no extended discussion. Manifestly, these parties have no interest in the actual controversy before the court. It is a matter of indifference to them where the line in dispute is located, as their rights are in no manner affected thereby. It is possible, as the appellants argue, that a controversy may subsequently arise between the appellants and the adjoining proprietors as to the true location of the corners of the section in controversy, and it is possible that in the determination of the controversy the corners may be located at a different place than the place where the commissioner found them to be, and it is possible that the location so determined upon may make the section of lesser area than the commissioner made it, and thus operate to the injury of the appellants.

But it is at once apparent that the opposite of these possibilities is equally probable; that is to say, no controversy over the proper location of the corners may ever arise, or, if it does arise, the parties may be able to agree as to the proper location, or, if the controversy proceeds to a determination by the court, it may be found that the section is of greater area than the commissioner found it to be, and the appellants thus be gainers rather than losers by the determination. The

correct answer, however, is, we think, that these adjoining proprietors have no interest in the controversy now before the court and their presence is not necessary to its complete determination. It is clear that to bring the parties in would introduce a new controversy which possibly could not be determined without the introduction of others. And it could be that the circle would so widen as to involve all landowners in the township, many of whom may be satisfied with the existing lines. In the determination of controversies a court is not required to borrow trouble. It does its full duty when it determines the immediate controversy before it. In this instance the court had before it only the duty of properly locating the disputed boundary line, and the parties immediately affected were the only necessary or proper parties.

There was no error in the judgment, and it will stand affirmed.

PARKER, C. J., MACKINTOSH, BRIDGES, and HOLCOMB, JJ., concur.