[No. 3228. May 6, 1927.]

BOARD OF COM'RS of SAN MIGUEL COUNTY v.

FRIENDLY HAVEN RANCH CO. et al.

[257 Pac. 998.]

### SYLLABUS BY THE COURT

Under the provisions of section 2626, Code 1915, a public highway can be established either in pursuance of some law of the state, or by dedication, or by recognition and maintenance by the public authorities, none of which elements are present in this case. Mere permissive use of a private way by the public is not sufficient to establish a public highway by prescription.

Appeal from District Court, San Miguel County; Armijo, Judge.

Action by the Board of County Commissioners of San Miguel County against the Friendly Haven Ranch Company and another for an injunction. From a judgment for plaintiff, defendants appeal. Reversed and remanded, with direction.

A. T. Rogers, Jr., of East Las Vegas, for appellants.

Chester A. Hunker, Dist. Atty., and Geo. L. Robertson, Asst. Dist. Atty., both of East Las Vegas, for appellee.

### OPINION OF THE COURT

PARKER, C. J. The court below awarded a peremptory injunction against defendants, restraining them from obstructing by means of locked gates and fences, an alleged public road. The question is whether there

[1]   18CJ p. 47 n. 67; 29CJ p. 373 n. 99; p. 375 n 20; p. 376 n. 24; p. 377 n. 44, 45; p. 378 n. 46; p. 379 n. 61.

exists in fact a public road at the place involved. It appears that the county authorities have never laid out a road, and have never assumed authority over any road at the place involved, and have never worked or improved the same. The court found that there is a road at the place in controversy, which has been traveled by the public generally for a period of more than 40 years. There is no finding as to the character of the use made of the road by the public, whether it was adverse under claim of right, or whether it was merely permissive. The proof shows that the road was privately constructed and maintained, and tends to show that the use made of the road by the neighbors and the public was permissive at all times. No dedication of the road to public use is shown. Under such circumstances, it would seem clear that no public road exists at the place involved.

Our statute (section 2626, Code 1915) defines what are public highways as follows:

"All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways."

It appears from this statute that we have three methods of establishing highways: They must be established in pursuance of some law of the state; or they must be dedicated to public use; or they must be recognized and maintained by the public authorities. In this case not a single element mentioned in the statute is present.

Under a statute identical in terms with ours, the Supreme Court of Colorado considered the identical question now before us in Lieber v. People, 33 Colo. 493, 81 P. 270, and held that there was no highway established by the proof, which proof was quite similar to the proof in this case. See, also, O'Connell v. Chicago, etc., R. Co., 184 Ill. 308, 56 N. E. 355, where the court discusses the question of acquisition by prescription of the right to a public highway. The pro-

position is not open to debate, and all the courts agree that in order to establish a highway by prescription the public use must be adverse, uninterrupted, continuous, and under claim of right. See, also, 1 Elliott, Roads and Streets (4th Ed.) § 194.

It follows that the judgment of the court below is erroneous and should be reversed, and the cause remanded with directions to set aside the judgment and to dismiss the complaint, and it is so ordered.

BICKLEY and WATSON, JJ., concur.