438 P.2d 632

**Bea Etta Harris HALL and Hollis Ward Harris, Plaintiffs-Appellees,**

v.

**LEA COUNTY ELECTRIC COOPERATIVE, Inc., Defendant-Appellant.**

No. 8480.

Supreme Court of New Mexico.

March 18, 1968.

Heidel, Swarthout & Samberson, Lovington, for appellant.

Charles D. Harris, Albuquerque, for appellees.

OPINION

OMAN, Judge, Court of Appeals.

A prior appeal to this court in this cause was dismissed for having been prematurely brought. Hall v. Lea County Elec. Co-op., Inc., 76 N.M. 229, 414 P.2d 211 (1966).

The present appeal has been taken from a final judgment entered April 10, 1967.

The plaintiffs are the owners of two sections of land in Lea County, New Mexico, the easterly line of which lands coincides with the Texas-New Mexico state line. A public highway exists along the state line, and the portion thereof which lies in New Mexico, and which falls within the exterior boundaries of plaintiffs' said lands, was acquired for public use through prescription extending over a period of approximately forty years. The New Mexico portion of this highway has been maintained by the Board of County Commissioners of Lea County.

The defendant is a New Mexico corporation organized under the Rural Electric Cooperative Act [§§ 45–4–1 through 45–4–33, N.M.S.A.1953]. It is the holder of a public utility franchise from Lea County, whereby it is expressly permitted and empowered to use the public highways of the County of Lea for its pipes, poles, wires, cables, conduits, towers, transformer stations and other fixtures, appliances and structures.

In June 1961, defendant commenced staking a route for a proposed electric transmission line. At that time plaintiffs maintained a fence along the west side of the highway. The trial court found that this fence as then located marked the west boundary of the highway. The transmission line was located to the east of this fence and along the west side of the highway.

Plaintiffs sought to have defendant enjoined from proceeding with construction of the line and damages for trespass. Defendant sought dismissal of the complaint on the ground that defendant was authorized to construct and maintain the line under the franchise from Lea County and under the provisions of §§ 68–1–3 and 45–4–3(k), N.M.S.A.1953. The pertinent portions of these sections of our statutes provide:

"68–1–3. *Use of highways and streets —Power of county commissioners.*—The county commissioners of the several counties are hereby authorized to permit such corporation to use the public highways * * * for their pipes, poles, wires, cables, conduits, towers, transformer stations and other fixtures, appliances and structures; * * *."

"45–4–3. *Powers.* A co-operative shall have power:

" * * *

"(k) To construct, maintain and operate electric transmission and distribution lines along, upon, under and across all public thorofares, including without limitation, all roads, highways, streets, alleys and bridges and upon, under and across all publicly owned lands."

The trial court rejected the defenses and continued a previously entered restraining order. Defendant then requested and was granted leave to file in the alternative, as a counterclaim, a petition seeking condemnation of an easement for the construction and maintenance of the line. Commissioners were appointed in the condemnation proceedings, they filed a report, and the court issued an order confirming that report. An appeal was taken from the order, and the question of damages was tried to a jury, which resulted in verdicts for plaintiffs in the total amount of $600.00.

The court then made and entered a decision on the case as a whole, and entered the final judgment from which this appeal is taken.

Defendant's first point relied upon for reversal is that the trial court erred in concluding that the county's prescriptive right to maintain the highway was limited "to the area necessary for public travel and the actual roadway * * *."

The issue raised under this point relates solely to the width of the highway in which the county had acquired the easement. As stated above, the court found that the fence along the west side of the highway marked the west boundary of the highway. The transmission line was erected to the east of this fence and between it and the travelled portion of the highway.

Defendant urges that the court's conclusion is contrary to the express finding and, thus, must of necessity be in error. Plaintiffs seek to overcome this inconsistency between the finding and the conclusion by urging that the trial court erred in making the finding. They admit that a public highway established by prescription is not, as a matter of law, restricted in width to the track of actual travel, but includes the travelled track and whatever additional lands as are necessarily used and incidental thereto for highway purposes. Hoban v. Bucklin, 88 N.H. 73, 184 A. 362; 186 A. 8 (1936); Broward County v. Bouldin,. 114 So.2d 737 (Fla.Ct.App. 1959); Yturria Town & Improvement Co. v. Hidalgo County, 125 S.W.2d 1092 (Tex. Civ.App.1939); Nicolai v. Wisconsin Power & Light Co., 227 Wis. 83, 277 N.W. 674 (1938).

■ However, plaintiffs · contend that the evidence shows that the transmission line was built to the west of the bar ditch, and, thus, to the west of the lands actually used for and incidental to the highway. They ask that we correct the trial court's finding that the fence marked the west boundary of the highway, and they ask us to do so pursuant to Rule 17(2) of the rules of this court [§ 21–2–1(17) (2), N.M.S.A.1953], which provides:

"2. In causes tried without a jury, if errors have been committed against the appellee or defendant in error, and the . same be preserved for review and points concisely stated, as required in these rules, the Supreme Court shall consider and determine whether, notwithstanding error committed against appellant or plaintiff in error, the judgment may be affirmed; or whether, because of such errors against appellee or defendant in error, there should be a new trial." [As amended March 12, 1956. Effective April 15, 1956.]

We are compelled to reject plaintiffs' position, because Rule 17(2) expressly requires that before consideration by this court be given to claimed errors committed against an appellee, the errors must have been preserved for review as required by the rules of this court. Here plaintiffs neither made requests for findings nor objected to the court's finding that the fence marked the west boundary of the highway. Consequently, they did not preserve the error, if any, for review by this court. Rules of Civil Procedure 52(B) (a) (6), [§ 21–1–1(52) (B) (a) (6), N.M. S.A.1953]; Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956).

■ Plaintiffs also urge that the width or boundaries of the highway was a question of fact to be determined by the jury in the condemnation proceedings. The jury trial, on appeal from the award of the commissioners, was limited to the amount of compensation alone. Sections 22–9–6 and 22–9–8, N.M.S.A.1953; Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961); El Paso Elec. Co. v. Milkman, 66 N.M. 335, 347 P.2d 1002 (1959).

The challenged conclusion quoted above is directly contrary to the only finding made concerning the west boundary of the highway, and is also admittedly contrary to the law concerning the width of the area normally embraced within a highway acquired by prescription and which has been recognized and maintained as a public highway.

The second point relied upon for reversal is that:

"A utility line constructed on a public highway does not constitute an additional servitude for which compensation is required, and this applies to all public highways without regard to how same were established. * * *"

The trial court concluded that because the county acquired the right to maintain the highway by prescription it acquired no rights, except the· right to public travel, and, therefore, it did not and could not grant defendant the right to construct and maintain its transmission line within the highway. As above stated, and as found by

the trial court, the highway was maintained by the Board of Commissioners of Lea County.

The first question presented is whether or not a public highway acquired and established by prescription, and which is recognized and maintained by the corporate authorities of a county as a public highway, is something less than a public highway acquired by dedication, by condemnation, or by authority of any other law of New Mexico.

A public highway is defined in § 55–1–1, N.M.S.A.1953 as follows:

"All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways."

In considering the methods by which a public highway may be established in order to come within the definition thereof under this section of our statutes, we stated in Board of Commissioners of San Miguel County v. Friendly Haven Ranch Co., 32 N.M. 342, 257 P. 998 (1927):

"It appears from this statute that we have three methods of establishing highways: They must be established in pursuance of some law of the state; or they must be dedicated to public use; or they must be recognized and maintained by the public authorities."

There is nothing in our statutes to suggest that one method of establishing a public highway, as contrasted with any other method, creates a greater or lesser estate in the public in and to the lands embraced within the highway, or creates any differences in the uses to which these lands may properly be put. Although the interest which the state or its political subdivisions acquire in streets and highways is often described in different terms, what is ordinarily acquired is an easement, by which the state or its political subdivisions are authorized by law to use the lands, lying within the boundaries of the streets and highways, for all lawful purposes consistent with every reasonable method of travel, transportation and communication for which public streets and highways are normally used. Yale University v. City of New Haven, 104 Conn. 610, 134 A. 268, 47 A.L.R. 667 (1926); Magee v. Overshiner, 150 Ind. 127, 49 N.E. 951, 40 L.R.A. 370 (1898); Cater v. Northwestern Telephone Exch. Co., 60 Minn. 539, 63 N.W. 111, 28 L.R.A. 310 (1895); State ex rel. Appalachian Power Co. v. Gainer, 149 W.Va. 740, 143 S.E.2d 351 (1965); Herold v. Hughes, etc., 141 W.Va. 182, 90 S.E.2d 451 (1955); 25 Am.Jur. Highways § 165 (1940); 40 C.J.S. Highways § 233 (1944); 11 E. McQuillin, The Law of Municipal Corporations § 30.156 (3d ed. rev. 1964).

Plaintiffs concede that the authorities make no distinction, on the basis of the manner of acquisition of a public highway easement, as to the uses which the state or political subdivision may lawfully make of the highway. Their position is that the construction and maintenance of an electric transmission line within a public highway constitutes an additional burden or servitude, which is not embraced within the easement. This court has never had occasion to pass upon this question. The jurisdictions which have passed upon the same are divided in their views. See Annot., 58 A.L.R. 2d 525 and cases therein cited.

We are of the opinion that the better reasoning supports the general rule that the construction and maintenance of an electric power or transmission line, within the boundaries of a public highway, are consistent with the permissible uses to be made of a public highway easement and do not constitute an additional burden or servitude. The following are some of the cases supporting this rule: United States v. Oklahoma Gas & Elec. Co., 318 U.S. 206, 63 S.Ct. 534, 87 L.Ed. 716 (1943); Crawford v. Alabama Power Co., 221 Ala. 236, 128 So. 454 (1930); Magee v. Overshiner, supra; Mall v. C. & W. Rural Elec. Co-op.

Assoc., 168 Kan. 518, 213 P.2d 993 (1950); State ex rel. Bartlett v. Weber, 88 Kan. 175, 127 P. 536, 43 L.R.A.,N.S., 1033 (1912); Kentucky & West Virginia Power Co. v. Crawford, 229 Ky. 254, 16 S.W.2d 1041 (1929); Cater v. Northwestern Telephone Exchange Co., supra; Lay v. State Rural Electrification Authority, 182 S.C. 32, 188 S.E. 368 (1936); Kirby v. Citizens Telephone Co., 17 S.D. 362, 97 N.W. 3 (1903); State ex rel. York v. Board of Com'rs., 28 Wash.2d 891, 184 P.2d 577, 172 A.L.R. 1001 (1947); Fox v. City of Hinton, 84 W.Va. 239, 99 S.E. 478 (1919).

It follows from what has been stated that the trial court erred in concluding that the county did not and could not grant defendant the right to construct and maintain its transmission line, and in entering judgment for the plaintiffs.

The judgment is reversed and the cause remanded with directions to vacate the judgment for plaintiffs and to enter judgment dismissing the complaint.

It is so ordered.

CHAVES, C. J., and NOBLE, J., concur.