**300**

481 P.2d 88

**Carlos J. NORERO and Justine O. Norero,
Plaintiffs-Appellants,**

v.

**BOARD OF COUNTY COMMISSIONERS
OF GRANT COUNTY, Defend-
ant-Appellee.**

**No. 9121.**

Supreme Court of New Mexico.

Feb. 15, 1971.

Joe H. Galvan, Las Cruces, V. Lee Vesely, Silver City, for appellants.

, E. C. Serna, Dist. Atty., W. Gilbert Bryan, Asst. Dist. Atty., Silver City, for appellees.

OPINION

McMANUS, Justice.

The plaintiffs filed this suit in the District Court of Grant County against the Board of Commissioners of that County. Plaintiff Norero alleged ownership in fee simple of certain lands in Grant County upon which is located a dirt road running through plaintiff's property. Grant County claims that this road is a public road. The plaintiffs claim the road is a private one, and asked for a temporary restraining order against the County from going upon plaintiff's land and from declaring the road a public way. A temporary restraining order was granted and upon trial the restraining order was dissolved and the district court declared the road to be a County road. From this decision the plaintiffs appeal.

It has been established that there are three methods of establishing public highways. For the first method we look to § 55–4–16, N.M.S.A. (1953 Comp.):

"The board of county commissioners having considered the report of any road review, and the compensation to which any person or persons damaged having been ascertained and paid to the owner or owners or into court for him or them, may order the road to be open for travel and declared a public highway. And if they do so, or order, they shall cause notices to be posted at three [3] public places along the line of such road, giving all parties notice that they have or will direct their proper officers to open and work the same from and after sixty [60] days from the date of such notice; Provided, no such road shall be ordered opened through fields of growing crops or along a line where growing crops would thereby be exposed to stock until the owner or owners of such crops shall have sufficient time to harvest and take care of the same."

The second method of establishing a public highway is by dedication by the owner of the road to public use. The third method is by recognition of the road and maintenance of said road by the public authorities. Board of Com'rs of San Miguel County v. Friendly Haven Ranch Co. et al., 32 N.M. 342, 257 P. 998 (1927). See, also, Hall v. Lea County Electric Cooperative, 78 N.M. 792, 438 P.2d 632 (1968).

The first method, in pursuance of the law of the state, § 55–4–16, supra, by agreement of all participants, was not followed. The second method, dedication by the owner, was denied by the owners, and not controverted.

The third method, and the one that must determine the final result here, concerns the recognition and maintenance by the public authorities. Section 55–1–1, N.M.S.A. (1953 Comp.) delineates this method:

"All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways."

The trial transcript reflects that this road in question originally belonged to the plaintiffs and their predecessors in interest for over 45 years. Further, the witnesses at the trial testified that the Grant County road department had maps with the road in question marked in red, indicating a County road. However, there was nothing during the course of the trial to indicate the authority for this categorization.

Testimony was adduced to show that this road had been bladed by county machinery; that salesmen, neighbors, friends, state and federal officials had used the road. Objections were made by plaintiffs to blading operations; other uses were with the permission of the plaintiffs. None of these uses, in our opinion, is enough to satisfy § 55–1–1, supra, as having been "recognized and maintained by the corporate authorities of * * *" the county. This is particularly so in view of the statutory exemption of "except private roads," and also the protestations of the plaintiff landowner at various times throughout the years. Consequently, we feel that the County of Grant cannot find solace in any of the methods referred to in this opinion.

It follows that the judgment of the court below is erroneous; the cause is remanded, with direction to reinstate the case on the docket; to set aside the judgment in favor of the defendants, and to enter a new judgment in favor of the plaintiffs.

It is so ordered.

COMPTON, C. J., and TACKETT, J., concur.