524 P.2d 517

**Floyd F. CITTY, Plaintiff-Appellee,**

v.

**Madeline CITTY, Defendant-Appellant.**

**No. 9900.**

Supreme Court of New Mexico.

July 12, 1974.

Joseph D. Beaty, Roswell, for defendant-appellant.

John F. Russell, Roswell, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

Plaintiff filed his complaint for a divorce in Chaves County, New Mexico, and prayed that the community property be divided between the parties. Defendant answered. A divorce was granted on July 26, 1973, reserving for a later date the settlement of the property rights involved. After another hearing a final judgment and order was filed on October 2, 1973. In this document the plaintiff was granted a house and lot in Roswell, New Mexico, as his sole and separate estate. Defendant filed a motion to set aside the order of October 2, 1973, which was denied. This appeal ensued.

This was a second marriage between the parties. After the first divorce, defendant deeded the house and lot in question to plaintiff by quitclaim deed. Some time after the remarriage, plaintiff executed a warranty deed conveying this property to himself and defendant as joint tenants.

Plaintiff alleges in the latest divorce proceeding that this warranty deed was meant to be in effect only so long as the parties were married. As to this warranty deed, the court in its order and final judgment found:

"The warranty deed executed by Floyd F. Citty, a married man dealing in his sole and separate property to Floyd F. Citty and Madeline Citty, his wife as joint tenants was intended as a gift 'causa mortis' and not as an absolute gift and accordingly is subject to revocation by the Plaintiff during his lifetime."

The hearing on September 17, 1973 which resulted in the order of October 2, 1973, was not attended by the defendant, although she was given notice. However, counsel for defendant was present.

The court apparently based its decision on plaintiff's testimony that the warranty deed was meant to be in effect only so long as the parties were married and that it was merely a substitute for insurance. During the September 17, 1973 hearing, defendant did not present evidence that would cast doubt upon the veracity of plaintiff's claim. Furthermore, counsel for defendant failed to raise an objection to said testimony. In effect, the court held that the property involved reverted to plaintiff as his separate property as a result of the divorce.

On October 30, 1973 defendant appealed from the October 2, 1973 judgment and also filed a motion to set aside the verdict. Hearing was had on said motion on November 12, 1973, at which time it was denied.

■ Defendant now makes two contentions. The first is that the trial court erred in finding that the warranty deed from plaintiff to himself and defendant in joint tenancy constituted a gift causa mortis. We cannot agree. The findings made

by the trial court support the judgment. Defendant made no request for findings and made no objections to the court's findings. Under these circumstances, appellant is not entitled to a review of the evidence [McLam v. McLam, 85 N.M. 196, 510 P.2d 914 (1973); MacNair v. Stueber, 84 N.M. 93, 500 P.2d 178 (1972); Hall v. Lea County Cooperative, 78 N.M. 792, 438 P.2d 632 (1968)], and the findings made by the trial court are binding on the appellate court [Trinidad Indus. Bank v. Romero, 81 N.M. 291, 466 P.2d 568 (1970); Ellis v. Parmer, 76 N.M. 626, 417 P.2d 436 (1966); Prince v. National Union Fire Ins. Co., 75 N.M. 313, 404 P.2d 137 (1965); Gillit v. Theatre Enterprises, Inc., 71 N.M. 31, 375 P.2d 580 (1962); In re Cox' Estate, 57 N.M. 543, 260 P.2d 909 (1953)].

■ The evidence upon which the trial court made its findings was received without objection. Since there was no objection thereto in the trial court the question of the impropriety of the evidence cannot now be raised for the first time on appeal. See Supreme Court Rule 20 (§ 21-2-1 (20), N.M.S.A., 1953), and Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968).

■■ Defendant's second point is that the trial court abused its discretion in denying defendant's motion to set aside the final order and judgment. Motions under Rule 60(b)(3) (§ 21-1-1(60)(3), N.M.S.A., 1953), are addressed to the sound discretion of the court. Wright & Miller, Federal Practice and Procedure; Civil, § 2860, p. 190. The trial court did not abuse its sound judicial discretion in denying the motion.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.