617 P.2d 153

**James G. KILCREASE and Della J. Kilcrease, his wife, Plaintiffs–Appellees,**

**v.**

**Dawson A. CAMPBELL and Ida Campbell, his wife, and Gila Hot Springs Vacation Center, Inc., Defendants–Appellants,**

**and**

**Della Richardson, formerly Della Cureton, and Frank Richardson, her husband, Defendants.**

No. 12273.

Supreme Court of New Mexico.

Sept. 23, 1980.

Hunter L. Geer, Albuquerque, for defendants–appellants.

J. Wayne Woodbury, John W. Reynolds, Silver City, for plaintiffs–appellees.

## OPINION

SOSA, Chief Justice.

This is an appeal from a judgment of the District Court of Grant County, allowing restitution of land to plaintiffs James and Della Kilcrease. We affirm. The issues we decide are:

(1) Whether there is substantial evidence to support the trial court's determination that plaintiffs' survey most nearly conforms to the original survey of the disputed lot;

(2) Whether adjoining landowners whose property lines may have to be relocated must be joined as necessary and indispensable parties;

(3) Whether the proper action would have been for reformation of the deed due to mutual mistake;

(4) Whether the western boundary of lot 32 was established by acquiescence of the property owners;

(5) Whether the trial court erred in denying the defendants' Rule 60(b)(3) and (6) motion.

All of the land in question was originally owned by Campbell, who intended to subdivide it. Some prospective purchasers selected a portion of the land which they wished to purchase as a lot. Campbell employed a surveyor, Leslie Goforth, to survey the lot. The next year, Goforth surveyed the remaining land. The entire subdivision plat was filed in Grant County in 1950, with the particular lot in question becoming lot 32. Campbell sold lot 32 to the prospective purchasers by warranty deed referring to the 1950 plat. These purchasers conveyed lot 32 to the Kilcreases in 1976. The Kilcreases employed Victor Topmiller to survey the land according to the 1950 plat. It

was then discovered that the land described as lot 32 included land upon which Campbell had built a trailer court. The Kilcreases instituted an action for restitution of the land. The trial court found that the Topmiller survey most closely conformed to the original Goforth survey than did surveys introduced by Campbell, and awarded the disputed land to the Kilcreases. The court also found that there was no acquiescence.

Campbell moved to have the judgment set aside on the basis that Topmiller's testimony was false and misleading, as shown by the affidavit of another surveyor. A hearing was held and the motion denied.

■ On appeal, Campbell first assigns error to the trial court for the finding that the Topmiller survey used the best evidence available to conform to the original Goforth survey. Campbell urges that his own testimony, as to what Goforth used as landmarks and which is the basis of the surveys he introduced into evidence, more accurately reflects what the intended boundaries were between himself and the original purchasers.

This is a question of substantial evidence. We hold that there is substantial evidence to support the trial court's implicit finding that the Topmiller survey, using the original plat, a roadway and irrigation ditches, represented the best evidence available as to the intent of the original buyer and seller.

■ Campbell's next claim is that the adoption of the Topmiller survey creates such changes in the boundaries of surrounding lots that the owners of these lots are indispensable parties to the suit, and that a failure to join them renders the judgment void.

Only one property owner immediately contiguous to the land in question is mentioned in the record, and there is dispute over whether his land would in fact be affected. Even if it was, he would not necessarily be an indispensible party if the effect was incidental. See Alston v. Clinton, 73 N.M. 341, 388 P.2d 64 (1963). Further, displacement of his neighbors' land would involve his neighbors as indispensable parties if Campbell's argument is accepted, and the litigation could involve a theoretically infinite number of parties. We decline to hold this necessary. See Smith v. Anderson, 117 Wash. 307, 201 P. 1 (1921).

■ The third claim on appeal, that a mutual mistake was made for which the remedy is reformation of the deed rather than restitution of the land, is again a question of substantial evidence. Under that test we hold that the trial court could reasonably find that Campbell failed to carry his burden of showing mutual mistake. In the absence of that showing, the original plat and the Topmiller survey will be taken as evidence of the intent of the parties. A review of the record shows no testimony, other than that of Campbell, or those he spoke to, indicating that the agreed upon boundary was where Campbell now claims it is. Similarly, there is no evidence that the original buyers knew of the improvements built by Campbell on the area in question, or that they ever agreed that the boundary is where Campbell claims. Upon this evidence, the trial court could reasonably find that the plat was the best evidence available as to the intent of the parties.

■ Campbell next argues that the facts show acquiescence by the Kilcreases and the original buyers in the boundary which he claims.

In Ward v. Rodriguez, 43 N.M. 191, 196, 88 P.2d 277, 280 (1939), this Court wrote:

The burden is upon defendants, if they would rely upon the theory either of acquiescence in a long established dividing line, or an agreement to fix a disputed line. We search the record in vain for evidence in support of either theory.

"One who proves occupancy, but who does not show that the adjacent owner ever agreed to the boundary line claimed, or that he was aware of the occupancy or that the location of the division line was a matter of dispute or agreement between the parties, does not establish a boundary

by acquiescence." *Fitzimons v. Atherton et al.*, 162 Cal. 630, 124 P. 250.

The record is similarly lacking in the necessary evidence in this case. There is no evidence that the original purchasers were aware of Campbell's occupancy and there was no evidence of a boundary dispute being settled by an agreed upon line. There was thus no acquiescence by the original purchasers, and certainly not by the Kilcreases. *Platt v. Martinez*, 90 N.M. 323, 563 P.2d 586 (1977), *Sachs v. Board of Trustees, etc.*, 89 N.M. 712, 557 P.2d 209 (1976).

The last point urged on appeal is that the trial court erred in denying a motion to set aside the judgment pursuant to Rule 60(b)(3) and (6) of the New Mexico Rules of Civil Procedure.

Motions under Rule 60(b)(3) are addressed to the sound discretion of the trial court. *Citty v. Citty*, 86 N.M. 345, 524 P.2d 517 (1974). Campbell, at the hearing on the motion, argued that a fraud had been perpetrated upon the court. The trial court did not abuse its sound discretion in denying the Rule 60(b)(3) motion.

As for the claim under Rule 60(b)(6), a showing of exceptional circumstances must be made. *Marberry Sales, Inc. v. Falls*, 92 N.M. 578, 592 P.2d 178 (1979); *Parks v. Parks*, 91 N.M. 369, 574 P.2d 588 (1978). No such circumstances were shown here.

The judgment of the trial court is affirmed.

EASLEY and FELTER, JJ., concur.