637 P.2d 1230

Florence OHL, Petitioner-Appellant,

v.

Thomas Henry OHL,
Respondent-Appellee.

No. 13624.

Supreme Court of New Mexico.

Dec. 2, 1981.

Order Amending Opinion Dec. 16, 1982.

Richard L. Klein, Albuquerque, for petitioner-appellant.

William N. Henderson, Albuquerque, for respondent-appellee.

## OPINION

PAYNE, Justice.

Petitioner-appellant, Florence Ohl (Wife), petitioned for dissolution of her marriage to respondent-appellee, Thomas H. Ohl (Husband), and requested a property division. After trial, the district court granted the divorce and awarded the parties' residence to Husband as his separate property. Wife appeals, claiming that the court erred in its disposition of the residence.

Shortly after the parties were married, Husband executed and delivered to Wife a deed conveying to himself and Wife as joint tenants certain real estate which was his separate property. The court found, based on testimony adduced at trial, that the deed "was a conditional transfer and upon divorce, the only community interest to be divided is a lien for mortgage payments made during marriage," and concluded that the real estate was Husband's separate property. The only issue on appeal is whether the trial court's finding was erroneous.

Wife argues that the trial court erroneously based its decision on parol evidence of Husband's intent, in contravention of the long-established rule that "[t]he intention of the grantor must be derived from the language of the instrument of conveyance, and it will not be impeached except to

correct or prevent injustice for such reasons as accident, mistake or fraud." *Birtrong v. Coronado Bldg. Corp.*, 90 N.M. 670, 672, 568 P.2d 196, 198 (1977) (citations omitted). As the deed in issue was never entered into evidence at trial, and the only evidence regarding the deed was both parties' testimony that it was a quit claim deed granting the realty in joint tenancy, the trial court could hardly have looked solely to the language of the deed. Even if the deed were before the court, the plain meaning of Section 47–1–16, N.M.S.A.1978, requires us to conclude that the Legislature intended that the court consider parol evidence. The statute provides that a deed conveying property in joint tenancy be conclusive only as against purchasers and encumbrancers for value. Obviously, as to anyone else, other evidence may be relied on to rebut or buttress the prima facie case of joint tenancy. Our practice has long been to look to parol evidence of the grantor's intent and the parties' understanding in determining whether a joint tenancy was created. *See Corley v. Corley*, 92 N.M. 716, 594 P.2d 1172 (1979); *Wiggins v. Rush*, 83 N.M. 133, 489 P.2d 641 (1971); *In re Trimble's Estate*, 57 N.M. 51, 253 P.2d 805 (1953); *Menger v. Otero County State Bank*, 44 N.M. 82, 98 P.2d 834 (1940); *Estate of Fletcher v. Jackson*, 94 N.M. 572, 613 P.2d 714 (Ct.App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980). Therefore, the trial court did not commit error in basing its decision on parol evidence of Husband's intent.

Wife also argues that the deed alone was sufficient to establish the joint tenancy by a preponderance of the evidence. However, we have previously held in reviewing a trial court finding of joint tenancy that a joint tenancy deed alone is insufficient to constitute substantial evidence to uphold the finding in the face of contrary evidence. *See Corley v. Corley, supra.* We will not now hold as a matter of law that, in cases involving persons other than those specified in Section 47–1–16, a joint tenancy deed is sufficient to prevail over other evidence of

the grantor's intent or the parties' understanding. It is for the trial court and not the reviewing court, to determine whether a proof requirement, or burden of persuasion, has been met. *See Estate of Fletcher v. Jackson, supra.* The reviewing court may not pass upon the weight of the evidence. *Pentecost v. Hudson,* 57 N.M. 7, 252 P.2d 511 (1953).

With this in mind, we must decide whether the trial court's finding, that the deed conveying a joint tenancy interest in the property was a conditional gift, is supported by substantial evidence. The record contains uncontradicted evidence of the delivery and acceptance of a present gift fully executed. The question, therefore, is one of Husband's donative intent: Was there sufficient evidence to support a finding that Husband intended to give to Wife a joint tenancy conditioned on their continuing to cohabit? Husband testified that he was concerned that Wife have a place to live should he die and that he had told Wife and his lawyer that she would have the joint tenancy as long as they lived together. Although some of his testimony was hearsay, which cannot be conclusive proof on the issue, it still has probative value. *See H.T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). Since Wife did not object to its admission, the trial court was entitled to consider such testimony. *Id.; See Citty v. Citty,* 86 N.M. 345, 524 P.2d 517 (1974). In reaching its decision, the trial court also relied upon circumstantial evidence tending to substantiate Husband's contention that his gift was conditional. We hold that there is substantial evidence in the record to support the trial court's finding. The judgment of the trial court is affirmed.

We award appellee costs of this appeal. We also assess an additional $200.00 in attorneys' fees against appellant's counsel for failure to timely notify his opposing attorney that he would not argue the matter at oral argument.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.

Order Amending Opinion

This matter coming on for consideration by the Court upon Motion of Appellant for Rehearing, and the Court having considered said motion and being sufficiently advised;

NOW, THEREFORE, IT IS ORDERED that the portion of the Opinion of the Court awarding $200.00 as attorney fees be and the same is hereby vacated.