678 P.2d 695

**Flor Ida HODGES, Petitioner-Appellant,**

v.

**Benny HODGES, Respondent-Appellee.**

**No. 14840.**

Supreme Court of New Mexico.

March 15, 1984.

**68**

Sedillo & Sanchez, Raul Sedillo, Belen, for petitioner-appellant.

Norman McDonald, Belen, for respondent-appellee.

## OPINION

SOSA, Senior Justice.

After trial in a dissolution of marriage proceeding, the district court awarded Benny Hodges (Respondent), inter alia, the Hodges Oil Company as his separate property. Flor Ida Hodges (Petitioner) was awarded custody of the parties' two minor children and three hundred dollars ($300) monthly child support. She was also awarded alimony of five hundred dollars ($500) per month for a six-month period. The issues presented on appeal by petitioner are 1) whether substantial evidence supports the award of Hodges Oil Company to respondent as his separate property and 2) whether the district court abused its discretion as to the amounts awarded for child support and alimony.

The parties were married on August 12, 1978. At that time respondent operated a sole proprietorship which essentially distributed and sold petroleum products for the Continental Oil Company (Conoco). This business had been started by respondent's grandfather over fifty years ago and has been continuously operated by respondent's family since its inception. Respon-

dent took over the actual operations in 1969 after the death of his father.

Approximately three months after the marriage, Conoco offered Hodges Oil Company all equipment, inventory and accounts receivable owned by Conoco pertaining to the customers serviced by Hodges Oil Company. In November, 1978, as part of a loan transaction in the approximate amount of one hundred thousand dollars ($100,000), the parties signed a note in favor of Ranchers State Bank of Belen. The loan proceeds were subsequently used to purchase all the equipment, inventory and accounts offered Hodges Oil Company by Conoco. Five months later, Hodges Oil Company incorporated and issued one hundred (100) shares of stock. Eighty nine (89) shares were issued to the parties as joint tenants. The remaining eleven (11) shares were issued solely to respondent's mother.

The district court in its findings and conclusions determined that Hodges Oil Company was the separate property of respondent and that he never intended to make a gift of any part of the company to petitioner by virtue of the stock issuance to both parties as joint tenants. Petitioner maintains that she owns a one-half interest in the company. Her argument is not on the basis that any transmutation into a joint tenancy may have occurred because of the stock issuance. Rather, her position is that the company was acquired by the parties during marriage and is therefore community property.

In reviewing the determinations of the district court on appeal, its findings and conclusions supported by substantial evidence will not be set aside by this Court. *Lucas v. Lucas*, 95 N.M. 283, 621 P.2d 500 (1980). In determining whether there is substantial evidence to support the district court's findings regarding the property characterization in this case, we consider the evidence in the light most favorable to the prevailing party, indulging all reasonable inferences in support of the judgment. *Moore v. Moore*, 71 N.M. 495, 379 P.2d 784 (1963).

Evidence as to the nature of the property in question must be considered in light of certain well settled rules concerning characterization of property. Property brought to the marriage by either spouse, together with the rents, issues and profits thereof is separate property. NMSA 1978, Section 40-3-8 (Repl.Pamp.1983). Subsection 40-3-8(B) defines community property as any property acquired by either or both spouses during marriage which is not separate property. Property takes on its character as community or separate at the time of its acquisition. *Michelson v. Michelson*, 89 N.M. 282, 551 P.2d 638 (1976). Property acquired during marriage by either husband or wife is presumed to be community property. NMSA 1978, § 40-3-12(A) (Repl. Pamp.1983). The party asserting that property acquired during marriage is separate bears the burden of presenting evidence that would rebut the presumption by a preponderance of the evidence. *Campbell v. Campbell*, 62 N.M. 330, 310 P.2d 266 (1957); *Estate of Fletcher v. Jackson*, 94 N.M. 572, 613 P.2d 714 (Ct.App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980).

The evidence, viewed in the light most favorable to the trial court's determinations, *Moore*, establishes that Hodges Oil Company was a family business concern that long preceded the marriage of the parties. Respondent became owner and operator of the business at least eight years prior to the marriage. The purchase from Conoco did not create the business but merely constituted the acquisition of additional assets. The business was brought to the marriage by respondent and was thus properly determined by the district court to be his separate property. NMSA 1978, § 40-3-8(A); *Gillespie v. Gillespie*, 84 N.M. 618, 506 P.2d 775 (1973).

Furthermore, the issuance of stock does not establish, as petitioner submits, that the company was acquired by the parties during marriage. The stock issuance merely represented a change in the form of a business entity owned by respondent prior to the marriage. Petitioner does not argue, nor is there substantial evidence indicating, that issuance of the stock in joint tenancy effected a transmutation. *Ohl v. Ohl*, 97 N.M. 175, 637 P.2d 1230 (1981); *see Estate of Fletcher v. Jackson*. Both petitioner and respondent testified at trial that they did not intend or understand the stock issuance as a gift to petitioner. The evidence also indicates that petitioner paid no consideration for being named on the stock certificates. Neither did she make any contribution of labor or talent to the company for which the stock certificates would have been issued as a form of remuneration.

Petitioner, as she did at trial, also maintains that respondent has failed to establish that the acquisition of the assets in November, 1978 was made by use of his separate property. Respondent at trial argued that only separate property was utilized in obtaining the financing. In light of these positions, the district court correctly considered the circumstances surrounding the purchase of the assets in question.

Reviewing the record, we find that a preponderance of the evidence establishes that separate and not community property was used to purchase the additional assets in 1978. Although petitioner's signature appears on the note to Ranchers State Bank, the collateral pledged was respondent's separate property residence and his mother's residence, as well as the equipment and inventory of Hodges Oil Company, including that which was to be purchased with the loan proceeds. The additional assets purchased were thus entirely secured by respondent's separate property and that of his mother. Furthermore, there is no indication that any community property was used to make payments to the bank on the note. The additional assets can be traced to respondent's separate property and are likewise his separate property. *Allen v. Allen*, 98 N.M. 652, 654, 651 P.2d 1296, 1298 (1982).

The conclusions of the district court that Hodges Oil Company was entirely the separate property of respondent and that respondent is to be solely liable for all

remaining indebtedness on the note are supported by the record. *Lucas v. Lucas; see Moore v. Moore.*

Petitioner next asserts an abuse of discretion in the child support and alimony awards by the district court. The court ordered respondent to pay three hundred dollars ($300) per month child support through the minority of the parties' two children. The court awarded petitioner $500 alimony for a six-month period.

■ A child support award rests with the sound discretion of the district court. *Spingola v. Spingola*, 91 N.M. 737, 580 P.2d 958 (1978); *Muckleroy v. Muckleroy*, 84 N.M. 14, 498 P.2d 1357 (1972). In reviewing a child support award on appeal, the record will be examined to determine if the court abused its discretion by fixing an amount contrary to reason. *Chavez v. Chavez*, 98 N.M. 678, 652 P.2d 228 (1982).

In *Spingola*, this Court listed a number of factors to be used as guidelines by the district court in determining an award or a change in child support. *Spingola* at 743–744, 580 P.2d at 964–965. Of the factors listed, those relevant to the circumstances of the instant case are the total financial resources of both parents, the number of children involved, consideration of the ages, physical condition and health of the parents and children, and the total number of dependents being supported by both parties.

The court determined that respondent's salary was approximately one thousand five hundred dollars ($1500) per month although the evidence was highly conflicting on this point. The district court also determined that petitioner was unemployed but that she was able-bodied and employable. Apart from the alimony award, the record indicates that respondent must make monthly mortgage payments of three hundred forty seven dollars ($347) on the parties' former residence where petitioner is allowed to live through the minority of the parties' youngest child. In addition respondent is required to pay three hundred fifty dollars ($350) in monthly child support for his three children from a prior marriage.

The record also indicates that the younger of the parties' children suffers from a kidney ailment, although many of the expenses are paid for by medical insurance that respondent is required to maintain on the children. Reviewing this evidence in light of the principle that parents have an equal responsibility to support their children, *In re Quintana*, 83 N.M. 772, 497 P.2d 1404 (1972), we conclude the monthly child support award was not an abuse of discretion. *Spingola v. Spingola; Muckleroy v. Muckleroy.*

■ Petitioner lastly asserts an abuse of discretion in the award of five hundred dollars ($500) alimony for only a six-month period. In determining the propriety of an alimony award on appeal, we consider such factors as the needs of the wife, her age, health and means to support herself, her earning capacity and future earnings of the husband, the duration of the marriage, and the amount of property owned by the parties. *Michelson v. Michelson*, 86 N.M. 107, 110, 520 P.2d 263, 266 (1974). As with child support, we review the evidence only to determine whether the district court abused its discretion by fixing an amount which was contrary to all reason. *Fitzgerald v. Fitzgerald*, 70 N.M. 11, 369 P.2d 398 (1962).

The record indicates that petitioner is thirty-four years old and in good health. She is a high school graduate and has some limited work experience as a store clerk which was gained during the marriage. The parties were married for approximately four years. The district court determined that respondent's present annual salary was approximately eighteen thousand dollars ($18,000). The court also determined that the parties' residence during marriage was the separate property of respondent, subject to a community lien for mortgage payments made from community funds. The court concluded that respondent was to be solely liable for the remaining balance on the note to Ranchers State Bank and for any other indebtedness arising out of his petroleum business dealings.

As to her needs, petitioner emphasizes that during the marriage she has become accustomed to a certain standard of living which should be maintained at least until such time as she is able to actively seek employment. *See Gramme v. Gramme*, 587 P.2d 144, 147 (Utah 1978). She submits that the constant attention required by her younger child's kidney condition precludes her from employment at this time and supports her position that the alimony award should be extended past the six-month period. However, there is evidence indicating that the condition can be controlled by medication and that there is some child care available.

Viewing all the evidence in light of the relevant *Michelson* factors recited above, the alimony award in the instant case was not contrary to all reason.

The judgment of the district court is affirmed. Each party is to bear its own costs on appeal.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.