This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39246

**KEVIN CARRILLO,**

      Plaintiff-Appellant,

v.

**MIDDLE RIO GRANDE CONSERVANCY DISTRICT,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Law Office of Tibo J. Chavez, Jr.
Tibo J. Chavez, Jr.
Belen, NM

for Appellant

YLaw, P.C.
Robert W. Becker
April D. White
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Plaintiff appeals a summary judgment in favor of Defendant in this suit involving personal injuries resulting from a fall near an irrigation ditch maintained by Defendant. This Court issued a notice of proposed summary disposition proposing to affirm and Plaintiff has filed a memorandum in opposition to that proposed disposition, which includes a motion to amend his docketing statement in order to summarize and refer to testimony and photographs that he contends created a factual dispute requiring a trial

on the merits in this case. [MIO 2-4] Having duly considered that memorandum and motion as well as a memorandum in support of affirmance filed by Defendant, we remain unpersuaded and affirm.

**{2}** Defendant's motion for summary judgment asserted sovereign immunity based upon NMSA 1978, Section 41-4-6(B) (2007), which retains governmental immunity for "maintenance of works used for diversion or storage of water." [RP 98] Plaintiff's response to that motion was accompanied by an affidavit asserting that he was on a "service road" when he fell. [RP 195-96] Sovereign immunity for negligent maintenance of roadways is waived by NMSA 1978, Section 41-4-11 (1991, amended 2019). As a result, the dispositive issue framed by the proceedings below was whether Plaintiff's affidavit established that his injury arose from Defendant's maintenance of a roadway as opposed to maintenance of works involved in diversion of water.

**{3}** In his memorandum opposing summary affirmance, Plaintiff relies upon deposition testimony and photographs to establish the location of his fall. Plaintiff explains that the photographs depict two imprints in the dirt where his knees hit the ground. [MIO 3, 8] Plaintiff asserts that no deposition testimony disputed the fact that the photographs depict Plaintiff's "knee imprints in the dirt." [MIO 6-7] It thus appears that there was no dispute of fact regarding the location of Plaintiff's fall and the only genuine dispute is whether that location, as depicted in Plaintiff's photographs, is or is not a "roadway" for purposes of Section 41-4-11. *See O'Brien v. Middle Rio Grande Conservancy Dist.*, 1980-NMCA-075, ¶ 17, 94 N.M. 562, 613 P.2d 432 (holding that immunity covering works used for diversion of water did not extend to a roadway used to maintain an irrigation ditch).

**{4}** We note that the imprints visible in the photographs are immediately adjacent to a wooden backboard next to a steel handwheel used to divert water for irrigation purposes. [RP 460-61] Plaintiff also asserts that tire marks visible in some photographs establish the existence of a roadway on the same side of the ditch as the turnout structure. [MIO 5, 8; RP 433, 461] Finally, Plaintiff directs our attention to photographs depicting excavation equipment working on the area behind the turnout structure and backboard, which he describes as a service road, but which Defendant asserts is not its service road. [MIO 5, 8; RP 464-66] Defendant, instead, asserts that its service road is on the opposite bank of the ditch and that the backhoe used to repair the turnout had to cross the ditch over a culvert in order to access the area around the turnout. [MIS 10-11; RP 211-12] A culvert crossing is visible in at least one of the photographs relied upon by Plaintiff. [RP 461]

**{5}** We conclude from the photographs and testimony relied upon by Plaintiff that his response to the motion for summary judgment failed to establish that his injury resulted from the maintenance of a roadway for purposes of Section 41-4-11. We are not persuaded that the mere existence of tire tracks or the fact that a backhoe was able to access the area established the maintenance of a roadway on the side of the ditch where Plaintiff fell. While these facts may establish that it is possible to drive a vehicle to

the area of the turnout structure, they do not contradict Defendant's assertion that it does not maintain a service road on that side of the irrigation ditch.

**{6}** We further note that Plaintiff's own photographs depict the location of his fall as being immediately adjacent to the wooden backboard and steel turnout frame used for the diversion of water. [RP 460-61] *See Noriega v. Stahmann Farms, Inc.*, 1992-NMCA-010, ¶ 8, 113 N.M. 441, 827 P.2d 156 (explaining that "maintenance of a structure encompasses maintenance of the property surrounding the structure"). Indeed, both Plaintiff's original and amended complaints alleged that he was using those works to irrigate his fields at the time of his injury. [RP 1, 390] Those complaints assert that his injury resulted from falling forward and striking the steel turnout frame. [RP 1, 390] Plaintiff's deposition testimony was consistent with those allegations. [RP 139-141] Even when Plaintiff later filed an affidavit asserting that he was on a "service road" when these events occurred, that affidavit still asserted that he fell "forward into the turnout frame." [RP 195] Ultimately, we are unpersuaded that Plaintiff's bare assertion that the area surrounding the turnout frame is a "service road" defeated Defendant's prima facie showing of entitlement to summary judgment based upon the sovereign immunity described in Section 41-4-6.

**{7}** Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the summary judgment of the district court.

**{8}    IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**